UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE LOCKHART,

    Petitioner,

v.                                      CASE NO. 6:14-cv-974-Orl-31KRS
                                             (6:11-cr-287-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Lawrence Lockhart. The Government filed a response (Doc. 3) to the section 2255 motion in compliance with this Court's instructions. Petitioner was provided an opportunity to file a reply but did not do so.

Petitioner asserts one claim for relief, his sentence was erroneously enhanced under the U.S.S.G. § 4B1.1 and 21 U.S.C. § 851 based on a non-qualifying prior conviction. For the following reasons, the § 2255 motion is denied.

*I.    Procedural History*

Petitioner was charged by indictment with possession with intent to distribute a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Criminal Case No. 6:11-cr-287-Orl-31KRS, Doc. 12).[1] The Government filed

---

[1] Criminal Case 6:11-cr-287-Orl-31KRS will be referred to as "Criminal Case."

an information pursuant to 21 U.S.C. § 851 indicating its intent to seek an enhanced penalty. *Id.* at Doc. 32. The 21 U.S.C. § 851 information relied on Petitioner's convictions for delivery of cocaine in violation of section 893.13(1)(A)(1), Florida Statutes and for purchase of cocaine in violation of section 893.13(2)(A)(1), Florida Statutes (Criminal Case Doc. 32 at 2). Petitioner entered a plea of guilty. *Id*. at Doc. Nos. 38, 42. The Court determined that Petitioner qualified for a sentencing enhancement as a career offender based on his prior convictions for aggravated assault on a law enforcement officer and delivery of cocaine. *Id.* at Doc. 58 at 11-21. His guideline range with the career offender enhancement was 188 to 235 months of imprisonment. *Id*. at Doc. 58 at 21. The Court, however, granted a variance from the guideline range and sentenced Petitioner to a 96-month term of imprisonment. *Id.* at Doc. 58 at 38.

Petitioner appealed his sentence. The United States Court of Appeals for the Eleventh Circuit affirmed on December 5, 2012. *Id.* at Doc. 63. Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Petitioner filed the instant action on June 18, 2014.

II.     *Analysis*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)     the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In the present case, the Eleventh Circuit affirmed Petitioner's conviction on December 5, 2012, and Petitioner did not seek certiorari review. Thus, the judgment of conviction became final on March 5, 2013. *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires."). Because Petitioner's judgment of conviction became final on March 5, 2013, he had through March 5, 2014, to file a § 2255 motion. However, under the mailbox rule, Petitioner's motion was not filed until June 18, 2014. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for

3

mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Petitioner argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).[2] *See* Doc. 1 at 5. As noted previously, § 2255 grants a petitioner one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

*Descamps* issued on June 20, 2013. Petitioner's § 2255 motion was filed within one year from that date. However, "*Descamps* does not apply retroactively to cases on collateral review. . . ." *Abney v. Warden*, No. 15-1088, 2015 WL 4546193, at *4 (11th Cir. July 29, 2015). Thus, Petitioner's § 2255 motion is not timely based on *Descamps*. *See King v. United States*, No. 13-13693, 2015 WL 1898394, at *4 (11th Cir. Apr. 28, 2015) (holding *Descamps* does not apply retroactively to cases on collateral review, and thus, the § 2255 motion was not timely under § 2255(f)(3)).

---

[2]*Descamps* held that the California burglary statute is nondivisible and thus the district court could not apply the modified categorical approach in determining if the prior violent felony conviction was a predicate offense under the Armed Career Criminal Act ("ACCA"). 133 S. Ct. at 2285–86.

4

Although not argued by Petitioner, the Court assumes that the instant action is timely filed if premised on *Johnson v. United States,* 135 S. Ct. 2551 (2015), which was issued on June 26, 2015. *See In re Rivero*, No. 15-13089-C, 2015 WL 4747749, *4 (11th Cir. Aug. 12, 2015) ("If Rivero – like the petitioner in *Bousley* - were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively."). Nevertheless, *Johnson* does not apply to Petitioner's case.

*Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Petitioner was sentenced as a career offender based on his prior convictions for aggravated assault on a law enforcement officer and delivery of cocaine under Florida law. Neither of these prior predicate offenses were found to apply based on the residual clause. *See, e.g., United States v. Gandy*, 710 F.3d 1234, 1237-38 (11th Cir. 2013) (stating that a conviction for aggravated assault on a law enforcement officer qualifies as a predicate offense under the ACCA because it has as "'an element the use, attempted use, or threatened use of physical force against the person or property of another'" as required by 18 U.S.C. § 924(e)(2)(B)(i)); *see also United States v. Alexander,* 609 F.3d 1250, 1253 (11th Cir. 2010) (quoting *United States v. Taylor,* 489 F.3d 1112, 1113 (11th Cir. 2007) for the proposition that "[c]onsidering whether a crime is a 'violent felony' under the ACCA is similar to considering whether a conviction qualifies as a 'crime of violence' under U.S.S.G. § 4B1.2(a) because 'the definitions for both terms are virtually

identical.'"). These offenses qualify as a crime of violence and a controlled substance offense as defined respectively under U.S.S.G § 4B1.2(a)(1) and (b). *See Gandy*, 710 F.3d at 1237-38 (recognizing that aggravated assault on a law enforcement officer is a crime of violence under U.S.S.G. § 4B1.2(a)(1)); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that "[s]ection 893.13(1) of the Florida Statutes is . . . a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)."). Consequently, Petitioner is not entitled to relief pursuant to *Johnson*.

Any of Petitioner's allegations that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Lawrence Lockhart is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-287-Orl-31KRS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 65) pending in that case.

4. This Court should grant an application for certificate of appealability only

if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of August, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Counsel of Record
Lawrence Lockhart

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11.